**In the Matter of the Application for the DISCIPLINE OF Gerald G. PYLE, an Attorney at Law of the State of Minnesota.**

**No. CO–85–244.**

Supreme Court of Minnesota.

Feb. 19, 1985.

### ORDER

AMDAHL, Chief Justice.

The above entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has the right to have charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel (Panel) prior to the filing of a petition for disciplinary action, as set forth in the Rules on Lawyers Professional Responsibility (RLPR). A Panel has heard evidence on certain charges against respondent and has recessed before further hearing on or consideration of the charges. Pursuant to Rule 10(a), RLPR, the parties agree to dispense with further Panel proceedings under Rule 9,

RLPR, and respondent agrees to the immediate filing of a petition for disciplinary action, hereinafter petition, in the Minnesota Supreme Court.

2. Respondent understands that upon the filing of this stipulation and the petition this matter will be of public record.

3. Respondent hereby admits service of the petition. Pursuant to Rule 13(b), RLPR, respondent hereby admits or does not deny the petition's allegations, conditioned on the disposition stated in paragraph 6 below.

4. Respondent understands he has certain rights pursuant to Rule 14, RLPR. Conditioned on the disposition stated below, respondent waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments.

5. Respondent conditionally admits or does not deny the allegations of the petition, which may be summarized as follows:

a. Respondent admits he made false statements under oath to a state district court. The court relied on these statements in making erroneous findings. After another party revealed the deception to the court, respondent acknowledged it. Respondent was a party to the proceedings. He did not make the misrepresentations to benefit himself or to harm another.

b. Respondent admits he paid fees to non-lawyer employees of his law firm for referring cases to the firm.

c. In certain personal injury negotiations, respondent does not deny he made certain communications to adverse parties that were misleading, regarding what medical advice had been given to claimants and whether transmitted medical records were complete.

d. Respondent does not deny he made misrepresentations under oath in a federal court proceeding that he now recognizes he should have realized were inaccurate.

e. Respondent does not deny he failed to cooperate with the Director's investigation, including failing to turn over requested books and records, requested documents and failure to make reasonable explanation.

f. Respondent admits his conduct violated disciplinary rules DR 1–102(A)(4), DR 1–102(A)(5), DR 2–103(B) (effective until May 29, 1980) and DR 2–103(A)(2) (effective until May 29, 1980), DR 3–102(A), Minnesota Code of Professional Responsibility, and Rule 25, Rules on Lawyers Professional Responsibility.

6. The Director and respondent join in recommending to the court that the appropriate discipline is suspension from the practice of law for a period of two years, pursuant to Rule 15, RLPR, and probation for one year thereafter. Respondent agrees to the imposition and payment of $500 in costs pursuant to Rule 25(a), RLPR. Respondent also agrees to reimburse the Director for disbursements, including court reporter fees, pursuant to Rule 24(b), RLPR.

7. The terms of respondent's probation are that:

a. Respondent shall abide by the MCPR or such other rules governing attorney conduct as the supreme court may promulgate. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct committed after this date shall constitute conclusive evidence of a breach of this stipulation, and shall be grounds for further suspension.

b. In particular, respondent shall scrupulously avoid representations which are misleading or deceptive.

8. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representa-

tions by any person except as contained herein.

9. Respondent hereby acknowledges receipt of a copy of this stipulation.

10. Respondent has been advised by the undersigned counsel concerning this stipulation and these proceedings generally.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent Gerald G. Pyle is suspended from the practice of law for a period of two years from the date of this order.

2. Respondent is hereby placed on probation for one year following the expiration of his suspension.

3. The terms of respondent's probation are:

a. Respondent shall at all times abide by the Minnesota Code of Professional Responsibility (MCPR) or such other rules governing attorney conduct as the supreme court may promulgate.

b. Respondent shall cooperate with any investigation of any allegations of unprofessional conduct which may come to the attention of the Lawyers Professional Responsibility Board.

c. Either respondent's admission or a finding by a duly constituted and appointed referee of further unprofessional conduct committed after the date of this Order shall constitute conclusive evidence of breach of the Stipulation and this Order, and shall be grounds for further discipline.

d. Respondent shall avoid all misleading or discipline representations when dealing with clients, adversaries, and their attorneys, courts and the Minnesota Lawyers Professional Responsibility Board.

4. Respondent shall pay to the Minnesota Lawyers Professional Responsibility Board $500 in costs pursuant to Rule 25(a), RLPR, and, in addition, shall reimburse the Lawyers Professional Responsibility Board for disbursements including court reporting fees pursuant to Rule 24(b), RLPR.